# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CHARLES ANGELL and ANGELL EXPEDITIONS, LLC,** | § | |
| | § | |
| ***Plaintiffs*****,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:26-cv-05580-JKP** |
| | § | |
| **MARKWAYNE MULLIN, The Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; RODNEY S. SCOTT, Commissioner of U.S. Customs and Border Protection; U.S. CUSTOMS AND BORDER PROTECTION; JOSH B. BARRETT, Acting Chief Patrol Agent of the United States Border Patrol's Big Bend Sector; LIEUTENANT GENERAL WILLIAM H. GRAHAM, Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers; and UNITED STATES ARMY CORPS OF ENGINEERS,** | § | |
| | § | |
| ***Defendants*****.** | § | |

**<u>AFFIDAVIT OF CHARLES ANGELL IN SUPPORT OF STANDING</u>**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF PRESIDIO | § |

Know all men by these presents, that before me, the undersigned authority, on this day personally appeared CHARLES ANGELL, who upon his oath did depose and state:

1. My name is Charles Angell. I am over the age of twenty-one (21) years old. I reside at, and Angell Expeditions, LLC ("Expeditions") is located at, 302 El Polvo Road, P.O. Box 165, Presidio County, Texas, Redford, Texas 79846. I have never been convicted of a crime involving moral turpitude. I have personal knowledge of the facts set forth herein. I am of sound mind and based upon my personal knowledge am otherwise competent to make this Affidavit.

2. I am the sole managing member of Angell Expeditions, LLC, a Texas limited liability company. Angell Expeditions, LLC operates river, mountain biking, and birding trips as well as hiking and driving tours in the Big Bend National Park and surrounding area.

3. As set forth more fully in this Affidavit, I have concrete, personal, and business interests in the waters, lands, and natural resources that will be adversely impacted by the project to build a portion of the border wall through the Big Bend area and my property (the "Project"). These interests include my longstanding recreational use of and aesthetic enjoyment of Big Bend National Park, Big Bend Ranch State Park, and the surrounding areas as well as my business use of the land I own, Big Bend National Park, Big Bend Ranch State Park, and the surrounding areas. These interests are threatened by the Project and the failure of the Defendants to comply with constitutional law.

4. In the summer of 2001, my father, who owned property in Presidio County, Texas near Big Bend National Park, passed away. I visited my father's home after his passing to scatter his ashes and to take possession of my father's home and several acres in Presidio County, Texas. For the next seven years, I commuted back and forth from the Miami, Florida area to Presidio County, Texas. During that time, I continued to work on my father's previous home and hiked, mountain biked, camped, went off-roading in my Jeep, rafted the Rio Grande, and regularly explored and learned more about the Big Bend region.

5. In 2008, I sold my construction company in Miami, Florida to move to the Big Bend region permanently and became a full-time resident. I continued to: hike, bike, camp, raft, explore, and learn more about the area when I moved there permanently. In order to earn revenue, I started taking visitors on guide trips and did construction and roofing for neighbors in the area.

6. In 2008, I started Expeditions as a guide business conducting tours of the surrounding Big Bend parks and private lands. When Expeditions was first starting, I hired various people to be guides on behalf of the business and was also a guide myself. I continue to be a guide for Expeditions and still employ others seasonally.

7. Expeditions operates out of the home I personally own located at 302 El Polvo Road, Redford, Texas 79846. There are six other structures on this one-acre property that house the equipment used for Expeditions. To support my guide business, I personally purchased mountain bikes, kayaks, canoes, rafts, and other vehicles to take visitors on guided tours. To date, I own approximately thirty-five (35) mountain bikes, fifty (50) kayaks, canoes, and rafts, and eight (8) vehicles.

8. Guided tours through Expeditions consist of day trips and half-day trips as well as overnight trips ranging from two nights to eight nights. The tours usually consist of two to four people but can include groups of as many thirty to thirty-five people. I provide guided tours throughout the neighboring Big Bend State Park and Big Bend National Park. I also provide bird watching tours from the deck at my home. I have personally witnessed owls, osprey, hawks, finches, and hundreds of other species of birds from my property. While this serves as a revenue source for Expeditions, I also regularly engage in bird watching activities.

9. On February 20, 2026, I received a "Notice of Interest" letter from U.S. Customs and Border Control ("CBP") identifying my property located at BBT-PRS-2055 and BBT-PRS-2055-1 as the subject of condemnation in connection with the Project. A true and correct copy of the February 20, 2026 letter is attached hereto as Exhibit A-1.

10. The Project will adversely impact my business, recreational, aesthetic, and environmental interests in the following ways:

a. If my property is condemned, it will affect the operation of my business and my recreational use of my property by blocking my access to the Rio Grande River, preventing me from launching boats off the Rio Grande River, and disrupting my ability to live and work during the construction of the border wall through or nearby my property; and

b. The presence of the border wall on my property or nearby will diminish my property value and the value of my business.

11. The harm to my interests is imminent. In addition to the "Notice of Interest" letter I received initiating the threat of an eminent domain process through condemnation, construction has already begun on the border wall in Big Bend National Park.

12. I intend to continue using and attempting to enjoy my property, Big Bend National Park, and the surrounding areas for my business as well as for wildlife observation and other recreational activities because I have no other choice. The construction of the Project and the associated impacts to the Rio Grande River and other wildlife habitats will diminish and impair my use and enjoyment of these areas. These harms are concrete, particularized, and not merely speculative.

13. I will suffer concrete injury from the construction and operation of the Project and its impacts on Big Bend National Park, Big Bend State Park, wildlife habitats, and the surrounding environment. My use and enjoyment of Big Bend National Park, the state park, and the surrounding lands and waters would be diminished by the Project.

14. It is important to me, and important to my procedural rights, that the Constitution of the United States be followed. Every constitutional right is my constitutional right and constitutional empowerment of the Executive Branch concerns me and harms me. The fact that the Department of Homeland Security ("Homeland Security") is constructing the border wall and related roads and construction areas in an area where few if any border crossings occur is unnecessary and outside the authority I understand Homeland Security to have. As a part of my

business, I am in the Big Bend National and state parks and go up and down the Rio Grande River almost daily. My house and business are located approximately 200 feet from the Rio Grande River. In the last thirteen (13) years I have seen only one person crossing the River and that was to return a dog that escaped. On rare occasions, I have seen evidence of people who might have crossed the River but that could have been a fishing camp on the United States' side of the River. I do see families and others enjoying the River from the Mexico side but no crossings. I understand from the CBP statements I have received, the Big Bend Sector has the fewest crossings of any sector on the Southern Border.

15. Because of the reasons set forth herein, I request a Temporary Restraining Order, Preliminary Injunction, and a Permanent Injunction be entered preventing Defendants from (1) commencing or continuing any construction, blasting, excavation, road-building, or ground disturbance activities on or across Plaintiffs' property pending resolution of this action; and (2) commencing or continuing any construction, blasting, excavation, road-building, or ground disturbance activities on Mariscal Mountain within Big Bend National Park or within the Big Bend Sector. I also request a mandatory protective injunction be entered commanding Defendants to restore the damage they have done to date.

16. As a managing member of Expeditions and in my personal capacity, I am authorized to state that my interests and injuries, as described in this Affidavit, are germane to the purposes of Expeditions.

I made this affidavit as the managing member of Expeditions and in my individual capacity.

CHARLES ANGELL

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this 31st day of August. This notarial act was an online notarization with electronic signatures.

NOTARY PUBLIC
STATE OF TEXAS
DREKA POSTEAL
Notary Public, State of Texas
ID# 10988595
My Commission Expires
December 2, 2026

Notary Public for the State of Texas

Dreka Posteal

Name of Notary Public

# EXHIBIT A-1

U.S. Customs and
Border Protection

1300 Pennsylvania Avenue NW
Washington, DC 20229

February 20, 2026

**Mr. Charles Angell**
Post Office Box 136
Redford, Texas 79846

**Subject: Notice of Interest – Property Located Near Planned Border Barrier System Construction Projects**

Dear Mr. Angell,

U.S. Customs and Border Protection (CBP) and U.S. Border Patrol (USBP) are currently planning border barrier system construction along the southwest border, including in Presidio County, Texas. We have tentatively identified that we may need to enter the following property for either construction or access purposes BBT-PRS-2055 and BBT-PRS-2055-1. County records indicate that you may be that property's owner. If you are not the property owner, please disregard this letter and let us know immediately.

We write to you to formally notify you of CBP's interest in discussing the following:

- Potential acquisition of portions of your property related to project construction or maintenance;
- Potential access needs across or adjacent to your property; and/or
- Any real estate or boundary considerations that may arise as project design advances.

This letter is **not a purchase, lease, or easement offer or agreement,** and it does not oblige you in any way to provide access to or acquisition of your property. This letter is intended solely as an initial notification of interest and to open communication with you as the potential property owner.

When CBP determines that it needs access to property, either temporary or permanent, it has three options:

> **Option A**: Enter into a Right of Entry for Construction (ROE-C) agreement with the owner wherein CBP can access the property, complete surveys, appraise the property, and then complete construction. CBP would then separately negotiate a purchase or easement from the owner of any real property interests that it continues to need once construction is completed (including the land underneath whatever was constructed);

**Option** B: Not enter into an ROE-C, but negotiate a purchase or easement agreement with the landowner quickly enough that CBP's construction timelines are not impacted; or

**Option C**: If the landowner and CBP are unable to reach a negotiated purchase or easement agreement, referral to the U.S. Department of Justice to initiate the eminent domain/condemnation process.

Of these options, our preferred and ideal route is Option A, as it allows us to work collaboratively with you, complete construction as quickly as possible, and then pay you the fair market value of any property rights CBP determines it needs going forward. Enclosed is the ROE-C for your review and hopeful approval. If you agree, the ROE-C will allow CBP immediate access to the property so that we can complete necessary border barrier work. Once CBP has completed its surveys and determined what permanent or temporary property rights, if any, that it needs, we can then negotiate the purchase of those rights from you in accordance with The Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. Ch. 61 and 49 C.F.R. Part 24, ("The Uniform Relocation Act") which sets the rules for real estate acquisitions by the Federal Government.

Should you agree to the ROE-C, CBP will pay you a one-time amount of $2,500.00 so that it may immediately access your property and begin activities related to the border barrier project. **This amount is in addition to the fair market value of any real property rights CBP later determines that it needs to acquire from you** and is yours to keep even if CBP determines that it does not need your property for the border barrier project. The ROE-C does not grant CBP permanent access to your property, nor does it include the permanent transfer of any real property interests to CBP; it is just an agreement to provide CBP temporary access to the property so that it may conduct activities related to border barrier construction. Put differently, your land is still your land, you would just be giving CBP permission to enter onto your land and begin construction on border barrier infrastructure if necessary. Should CBP determine that it has a permanent need for any portion of your property, CBP will then need to separately acquire those property rights from you as required by The Uniform Relocation Act. **The ROE-C does not in any way waive your right to seek the fair market value of any permanent property interests CBP may need to acquire from you.**

It is always CBP's preference to obtain the necessary real estate for border barrier projects through voluntary agreements. However, please be advised that if we are unable to reach a voluntary agreement through negotiation within a reasonable time, CBP and/or its executing agency may proceed to refer the matter to DOJ to acquire any necessary property interest(s) through the exercise of eminent domain, in accordance with the Declaration of Taking Act (40 U.S.C. §§ 3113 and 3114).

For further information regarding the project, please refer to the following web address: Smart Wall Map | U.S. Customs and Border Protection (https://www.cbp.gov/border-security/along-us-borders/smart-wall-map). Please review the ROE-C and associated information, and, if acceptable, sign and return it within five (5) business days. Alternatively, we can provide a digital copy via email for electronic signature.

CBP has collaborated with the U.S. Army Corps of Engineers (USACE) on real estate efforts to support the work effort described above. If you have any questions or would like to discuss the information provided in this letter, we are available to schedule a meeting to provide additional details, address your concerns, and explore next steps. Should you have any questions please contact Robert Davalos, USACE Realty Specialist, (817) 886-1218 or e-mail robert.davalos@usace.army.mil.

We appreciate your time and consideration as CBP works to execute border barrier system construction projects to secure our nation's borders.

Sincerely,

Paul Enriquez
Director – Infrastructure Portfolio
Program Management Office Directorate
U.S. Border Patrol
U.S. Customs and Border Protection

Enclosure

CM: 9589 0710 5270 2540 5946 71
RM