**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

CHARLES ANGELL, ANGELL EXPEDITIONS, LLC,
Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,

Defendants.

Case No. SA-26-CV-05580-JKP

**JOINT ADVISORY**

In accordance with the Court's Order dated September 2, 2026 (ECF No. 2), Plaintiffs and Defendants submit the following joint advisory addressing proceedings in this case.

1. United States Customs and Border Protection (CBP) has paused all ground disturbing activity for the Big Bend 2 and Big Bend 4 border barrier construction projects until September 30 to allow for additional public engagement. Plaintiff Charles Angell's property is within the Big Bend 2 project area. Big Bend National Park is within the Big Bend 4 project area.

2. During the pause, CBP will stop all ground disturbing activity (*e.g.*, geotechnical work, pioneering of roads, clearing vegetation, etc.). For the Big Bend 2 project, the contractor may continue to mobilize equipment to a private/contractor-acquired staging yard that is outside the project alignment. Similarly, for the Big Bend 4 project, the contractor will receive several additional deliveries of supplies to private/contractor-acquired staging yards that are outside the

project alignment and the National Park that are being secured by the contractor. These deliveries were already in progress while the pause was being implemented.

3. CBP will continue with non-ground disturbing activity related to the projects during the pause (*e.g.*, real estate actions (including surveys), biological and cultural surveys, etc.). CBP plans to continue obtaining the necessary rights of entry and property interests for the Big Bend 2 and Big Bend 4 projects. Some of that real estate activity, however, will be limited to seeking rights to conduct surveys of the land, as opposed to final acquisition of property for purposes of construction. In the event it becomes necessary for CBP to take real estate action affecting Mr. Angell's property during the pause, the government would provide advance notice and consult with him before taking any action, as is the standard practice for all real estate acquisition, and Mr. Angell would be allowed to pursue any legal rights he has based on this action.

4. CBP also intends to engage in additional consultation about the projects with interested stakeholders during the pause, including Plaintiffs in this case.

5. In light of the circumstances as described above, Plaintiffs and Defendants agree that Plaintiffs' motion for temporary restraining order (ECF No. 2) should be held in abeyance and requires no action from the Court at this time. The parties agree that Defendants' response to the motion shall also be held in abeyance. Plaintiffs reserve the right to seek renewal of the motion for temporary restraining order in the event of changed circumstances.

6. The parties agree to the following briefing schedule for Plaintiffs' forthcoming motion for preliminary injunction:

- September 16, 2026: Plaintiffs' Motion
- September 30, 2026: Defendants' Opposition
- October 7, 2026: Plaintiffs' Reply

7. The parties agree that Plaintiffs' motion for preliminary injunction can be decided on the basis of the parties' written submissions with oral argument to be held at a date and time at the Court's convenience.

8. The parties agree that this case is properly designated as a related case to *People for the La Junta For Preservation v. DHS*, Case No. 5:26-cv-05245-OLG. *See* Civil Cover Sheet (ECF No. 1-1); Standing Order Relating to Assignment of Civil Cases (Sept. 29, 2003). Given the similar factual issues in both cases regarding CBP's border barrier construction, the parties agree that judicial economy would be best served by assigning the cases to the same judge for resolution.[1]

9. The parties agree this Joint Advisory fulfils any obligations of notice in the May 28, 2003 Standing Order of the Western District of Texas. The parties agree no action taken herein will prejudice the substantive or procedural rights of either party.

Dated: September 4, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

/s/ *Andrew I. Warden*
ANDREW I. WARDEN (IN Bar No. 23840-49)
Assistant Branch Director
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

[1] In addition to these cases, a third case challenging the Big Bend border barrier construction projects is pending before Judge Cardone in the El Paso Division. *See Friends of Ruidosa Church v. Mullin*, Case No. 3:26-CV-01099-KC. Defendants also anticipate the border barrier construction projects will generate eminent domain litigation primarily in the Alpine/Pecos and Del Rio divisions where the land at issue is located.

Tel: (202) 616-5084
E-mail: Andrew.warden@usdoj.gov

KRISTY K. CALLAHAN
Assistant United States Attorney
Mississippi Bar No. 101255
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Telephone: (210) 384-7255
Facsimile: (210) 384-7247
E-mail: Kristy.Callahan@usdoj.gov

*Counsel for Defendants*

*/s/ Frederick W. Addison, III* (with permission)
Frederick W. Addison, III
Texas State Bar No. 00903350
raddison@munsch.com
Randall W. Miller
Texas State Bar No. 24092838
rwmiller@munsch.com
Emily C. Means
Texas State Bar No. 24137036
emeans@munsch.com
Caroline Rumbolo
Texas State Bar No. 24131637
crumbolo@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

***Counsel for Plaintiffs***

**CERTIFICATE OF SERVICE**

I, Andrew I. Warden, hereby certify that on September 4, 2026, I electronically filed the foregoing using the Court's CM/ECF system, which automatically serves this document upon all counsel of record.

*/s/ Andrew I. Warden*
ANDREW I. WARDEN
*Counsel for Defendants*