**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CHARLES ANGELL and ANGELL EXPEDITIONS, LLC,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**MARKWAYNE MULLIN, The Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; RODNEY S. SCOTT, Commissioner of U.S. Customs and Border Protection; U.S. CUSTOMS AND BORDER PROTECTION; JOSH B. BARRETT, Acting Chief Patrol Agent of the United States Border Patrol's Big Bend Sector; LIEUTENANT GENERAL WILLIAM H. GRAHAM, Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers; and UNITED STATES ARMY CORPS OF ENGINEERS,**<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 5:26-cv-05580-KC** |

**PLAINTIFFS' OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF PAUL ENRIQUEZ AND MOTION TO PRODUCE CBP BARRIER CONTRACTS AND BRIEF IN SUPPORT**

Plaintiffs Angell Expeditions, LLC ("Angell Expeditions") and Charles Angell (collectively, "Plaintiffs"), by and through their undersigned counsel, file their Objections to and Motion to Strike Portions of the Declaration of Paul Enriquez (the "Enriquez Declaration") filed by Defendants in opposition to Plaintiffs' Motion for Preliminary Injunction, together with a request that the Court order Defendants to produce the CBP barrier construction contracts on which the Enriquez Declaration relies, and would respectfully show:

## I. FACTUAL BACKGROUND

1. Defendants rest their opposition to Plaintiffs' Motion for Preliminary Injunction in significant part on the Enriquez Declaration. Stripped of its conclusions, speculation, and

secondhand accounts, however, the Declaration offers little the Court can properly weigh. Large portions describe events the declarant did not witness, recite the contents of documents Defendants have chosen not to produce, and announce legal conclusions reserved to the Court. Most notably, the Declaration repeatedly invokes a "CBP Barrier Construction Contract" to minimize Plaintiffs' harms and inflate the Government's, yet Defendants have not placed any contracts in the record. Plaintiffs object to the deficient portions of the Enriquez Declaration, request that the Court strike them from consideration, and ask that Defendants be ordered to produce the contracts they rely upon.

## II. LEGAL STANDARD

2. Federal Rule of Civil Procedure 43(c) provides that "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." FED. R. CIV. P. 43(c). It operates as an exception to Rule 43(a)'s default requirement that testimony be taken in open court. *In re McGuire*, 450 B.R. 68, 72 (Bankr. D.N.J. 2011). Rule 43(c) is not a separate counterpart to Rule 43(e). It is the same federal provision, formerly designated Rule 43(e) and renumbered effective December 1, 2007 in the restyling of the Federal Rules of Civil Procedure. *Fener v. Belo Corp.*, 560 F. Supp. 2d 502, 503 n.1 (N.D. Tex. 2008), *aff'd sub nom. Fener v. Operating Engineers Const. Indus. & Miscellaneous Pension Fund (LOCAL 66)*, 579 F.3d 401 (5th Cir. 2009); *see also Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins. Co.,* , 536 F.3d 939, 943 n.3 (8th Cir. 2008). Fifth Circuit decisions applying former Rule 43(e) therefore govern Rule 43(c), including the holding that a preliminary injunction may be decided on affidavits and depositions without an evidentiary hearing where material facts are not disputed. *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558–59 (5th Cir. 1987). The rule is permissive: the court "may decide a motion on affidavits or may, apparently in its discretion,

direct that the matter be heard on oral testimony." *Sanders v. Monsanto Co.*, 574 F.2d 198, 199 (5th Cir. 1978). Because Rule 43(c) itself sets no admissibility criteria for affidavits, courts look to the requirements of Rule 56(c)(4) and Federal Rule of Evidence 602. *Soutter v. Equifax Info. Servs. LLC*, 299 F.R.D. 126, 129–30 (E.D. Va. 2014); *McGuire*, 450 B.R. at 72.

## III. ARGUMENTS AND AUTHORITIES

3. The Court has discretion to hear a motion on declaration or affidavit under Federal Rule of Civil Procedure 43(c), but that discretion does not excuse the submission of a declaration that fails to meet the ordinary requirements for competent evidence. Declarations, being substitutes for live testimony, may contain only admissible evidence from a competent witness with personal knowledge. Thus, a declaration must show that the witness is speaking from personal knowledge, that his testimony is not conclusory, and that it is not hearsay. *Heil Trailer Int'l Co. v. Kula,* 542 F. App'x. 329, 334 (5th Cir. 2013) (evidentiary hearing should be held in injunction case where facts stated by affidavits were disputed); *accord Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021) (confirming declarations "must 'be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated'" and that those facts "must be particularized, not vague or conclusory") (quoting FED. R. CIV. P. 56(c)(4)). The Enriquez Declaration fails these requirements repeatedly. Its contents reflect Mr. Enriquez's speculation about events he did not witness; offer opinions on issues of law; lack the specificity necessary to be relevant; and are riddled with hearsay and conclusory assertions. Mr. Enriquez was not present for many of the events he describes and therefore lacks personal knowledge of them, and other statements merely relay the contents of documents and the accounts of others. Each such statement is inadmissible, and Plaintiffs move that the paragraphs identified below be stricken.

## IV. OBJECTIONS AND PROVISIONS OF THE ENRIQUEZ DECLARATION SUBJECT TO EXCLUSION

4. Plaintiffs object to the statements of Declarant identified below because, on various grounds, they fail to satisfy even that more lenient standard.

5. Measured against even this relaxed standard, the following portions of the Enriquez Declaration should be stricken or, at a minimum, given no weight. Plaintiffs object to, and move to strike, the following:

6. Paragraphs 10 and 30. Paragraphs 10 and 30 offer only the most generalized description of the so-called "Big Bend 2 Project." They omit every detail that would allow the Court to evaluate the Project: its locations, the methods and techniques to be used to secure the border, its ancillary impacts, its timing, and the particulars of each. A description this abstract conveys no meaningful information, rests on hearsay rather than the declarant's personal observation, and is too vague to inform any balancing of the harms. Generalized assertions of this kind are precisely what the Fifth Circuit has held insufficient. *See Guzman*, 18 F.4th at 161. Paragraphs 10 and 30 should be stricken.

7. Paragraph 29. Paragraph 29 likewise addresses the Big Bend 2 Project and asserts, in purely conclusory form, that "the Big Bend 2 Project will be substantially similar to what was originally planned." The statement is meaningless without knowing what was "originally planned," and the Declaration never says. Mr. Enriquez offers no basis or factual support for his conclusion, leaving neither Plaintiffs nor the Court any means of testing it. An unsupported conclusion of this kind is not competent evidence and serves only to prejudice. Paragraph 29 should be stricken.

8. The subtitle "The Challenged Waiver" (preceding Paragraphs 14 through 19). As throughout their Response, Defendants mischaracterize Plaintiffs' claims as a challenge to one or

more waivers of law issued by the Secretary. Plaintiffs do not challenge any waiver. Titling a section of the Declaration "The Challenged Waiver" misstates the pleadings, substitutes the declarant's characterization of the case for the claims Plaintiffs actually assert, and is irrelevant to the issues before the Court. A fact witness has no competence to recast the claims in a lawsuit that do not appear in the pleadings, and this characterization should be stricken.

9. Paragraphs 14 through 19. Under the heading "The Challenged Waiver," these paragraphs describe the waivers and their purported relationship to this case through hearsay. Beyond that repeated reliance on hearsay, Mr. Enriquez offers unsupported legal and factual conclusions about the applicability and effect of the waivers. Whether and how a waiver applies is a question of law for the Court, not a subject for a fact witness's declaration. Opinions of this kind are not competent evidence and invade the province of the Court. Paragraphs 14 through 19 should be stricken.

10. Paragraph 37. In Paragraph 37, Mr. Enriquez chronicles what he has to say about Plaintiffs' harms and then dismisses them, without elaboration or factual basis, as "mistaken, overstated and speculative." That is argument, not testimony. The paragraph identifies no fact within Mr. Enriquez's personal knowledge that contradicts any harm Plaintiffs have shown; it simply labels them. A bare characterization of an opponent's evidence is not competent evidence, and Paragraph 37 should be stricken.

11. Paragraphs 38 through 45. These paragraphs are addressed together. Paragraphs 40 and 42 announce unsupported conclusions of fact and law that Plaintiffs' concerns are speculative. More broadly, Paragraphs 38 through 45 each consist of descriptions of past practices and recitations of future "plans" and commitments. Testimony that the Government intends to act responsibly in the future is itself speculation, not fact, and cannot rebut the concrete, present harms

Plaintiffs have demonstrated. These paragraphs should be stricken or, at a minimum, given no weight.

12. Paragraph 45. Paragraph 45 consists entirely of hearsay. The section purports to describe what is included in the "CBP Barrier Construction Contract," yet Defendants have not provided that contract. Every statement concerning its contents is therefore a secondhand account of a document the Court has not seen. Testimony describing the terms of a writing, offered in place of the writing itself, is barred by the best evidence rule. FED. R. EVID. 1002. The Fifth Circuit has affirmed the exclusion of affidavits offered to establish the terms of an agreement where the proponent had the agreement "at its disposal" and "provided no justification for its failure to submit admissible copies." *R.R. Mgmt. Co. v. CFS La. Midstream Co.*, 428 F.3d 214, 219 (5th Cir. 2005). So too here. Moreover, the paragraph describes only what a contractor is supposed to do; it says nothing about what any contractor has done or will do in the area at issue.

13. Paragraph 45 is also objectionable because its opening sentence describes what "every CBP barrier construction contract includes," yet no contract is provided. Plaintiffs and the Court know nothing of the terms of any such contracts beyond the Best Management Practices ("BMPs") said to be part of it, and do not even know which contracts are being described. The BMPs mean little in isolation from the contract language that governs how they apply, what details follow, and what penalties attach to a failure to follow them. Defendants' selective presentation of the BMPs while withholding the contracts of which they are a part is precisely the kind of partial presentation the rule of completeness forbids. *See* FED. R. EVID. 106; *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171–72 (1988). Paragraph 45 is inadmissible absent the complete contract.

14. Paragraphs 46 and 47. In these paragraphs, Mr. Enriquez describes the harms the Government claims it would suffer should an injunction issue. The first, in Paragraph 46, is "CBP

becoming liable for contractor delay costs and increased contractor costs." That harm is illusory. What "could" result is speculation, and the contract terms that would govern any such costs are, once again, not in the record, making Mr. Enriquez's account of them hearsay. Moreover, federal construction contracts generally include termination-for-convenience provisions that limit the Government's exposure to such costs. *See* 48 C.F.R. §§ 49.502, 49.503. Without the contract, no one, including the Court, can determine what harm, if any, the Government would suffer from an injunction. Paragraph 46 should be stricken.

15. In Paragraph 47, Mr. Enriquez attempts to show harm by recounting the history of marijuana, cocaine, methamphetamine, and fentanyl smuggling volumes in the Big Bend and Del Rio sectors. These statistics are irrelevant and unfairly prejudicial. Drug smuggling volumes are not the statutory criterion for barrier construction; rather, being in the "vicinity" of "areas of high illegal entry" is, and Mr. Enriquez never addresses that requirement. Finally, the information in Paragraph 47 is hearsay, offered without foundation, and it culminates in an unsupported conclusion: "In addition to harming the Government, enjoining CBP from further construction of border infrastructure will harm the general public." That conclusion, like the statistics on which it rests, lacks any foundation in Mr. Enriquez's personal knowledge. Paragraph 47 should be stricken.

## V. REQUEST FOR PRODUCTION OF THE CBP BARRIER CONSTRUCTION CONTRACTS

16. Defendants cannot have it both ways. They invoke the "CBP Barrier Construction Contract" to assure the Court that environmental and property harms will be mitigated through contractual BMPs (Enriquez Decl. ¶ 45) and, in the same breath, to warn that an injunction would expose the Government to contractor delay and cost claims (*id.* ¶ 46). Yet they have not placed any contracts before the Court. The contracts are public and entirely within Defendants' possession

and control, and there is no apparent reason they cannot be produced. Fairness and the integrity of the record require that Defendants either produce the contracts or forgo reliance on them.

17. The rule of completeness exists to prevent exactly this kind of selective presentation. It addresses the "concern that the court not be misled because portions of a statement are taken out of context," as well as "the danger that an out-of-context statement may create such prejudice that it is impossible to repair by a subsequent presentation of additional material[.]" *United States v. Herman*, 997 F.3d 251, 263 n.5 (5th Cir. 2021) (quoting *Beech Aircraft*, 488 U.S. at 171 n.14). Under Rule 106, when a party introduces part of a writing, the adverse party may require the introduction of any other part "that in fairness ought to be considered at the same time." FED. R. EVID. 106. The omitted contract terms are plainly "'necessary to qualify, explain, or place into context'" the BMPs and cost Mr. Enriquez describes. *Herman*, 997 F.3d at 264 (quoting *United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996)). And where a party relies on an incomplete document, the appropriate remedy is to require that the document be completed: courts in this Circuit have recognized that, "under this rule, the court would simply require [the proponent] to submit the [omitted material] to ensure the information [is] considered in its complete form." *Dunn v. Hunting Energy Servs.*, 288 F. Supp. 3d 749, 765 (S.D. Tex. 2017).

18. The best evidence rule points to the same result. Defendants seek to prove the contract's contents (its BMPs, its cost provisions, and its effect on the Government's exposure) through a witness's paraphrase. Rule 1002 requires the writing itself. FED. R. EVID. 1002. In applying that rule, the Fifth Circuit weighs, among other factors, "the relative importance of content in the case," "the presence or absence of an actual dispute as to content," "the ease or difficulty of producing the writing," and "the reasons why the proponent of other proof of its content does not have or offer the writing itself." *R.R. Mgmt.*, 428 F.3d at 218–19 (citations

omitted). Every factor favors production: the contract's terms are central to the balance of harms, Plaintiffs dispute the Government's characterization of them, the contracts are readily available to Defendants, and Defendants have offered no reason for withholding them. Indeed, the Fifth Circuit has noted a party's "apparent efforts to block discovery" as a factor in weighing the evidentiary record at the preliminary injunction stage. *Dixon*, 835 F.2d at 558. Defendants should not be permitted to gain an advantage from a document they decline to disclose.

19. Plaintiffs therefore respectfully request that the Court order Defendants to produce the complete CBP Barrier Construction Contracts referenced in the Enriquez Declaration, including all incorporated BMPs, termination provisions, and provisions governing delay or cost claims, within a reasonable time before the hearing on Plaintiffs' Motion for Preliminary Injunction, and grant Plaintiffs leave to file a supplemental response addressing it. In the alternative, Plaintiffs request that the Court disregard all testimony in the Enriquez Declaration describing the contents or effect of the contract.

## VI. CONCLUSION

The objectionable portions of the Enriquez Declaration are not competent evidence, even under the relaxed standard that governs preliminary injunction proceedings. Mr. Enriquez's reliance on hearsay, speculation, and unproduced documents requires that those statements be stricken and removed from consideration, and his opinions on matters of law should be stricken because they invade the province of the Court. Plaintiffs respectfully request that the Court (1) sustain Plaintiffs' objections and strike the portions of the Enriquez Declaration identified above; (2) order Defendants to produce the complete CBP Barrier Construction Contracts and grant Plaintiffs leave to file a supplemental response addressing it or, alternatively, disregard all testimony describing the contract's contents or effect; and (3) grant Plaintiffs such other and further relief to which they may be justly entitled.

Dated: October 7, 2026

Respectfully submitted,

*/s/ Frederick W. Addison, III*

Frederick W. Addison, III
Texas State Bar No. 00903350
raddison@munsch.com
Randall W. Miller
Texas State Bar No. 24092838
rwmiller@munsch.com
Emily C. Means
Texas State Bar No. 24137036
emeans@munsch.com
Caroline Rumbolo
Texas State Bar No. 24131637
crumbolo@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all counsel of record via the Court's CM/ECF system on October 7, 2026.

*/s/ Frederick W. Addison, III*
Frederick W. Addison, III

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the parties met and conferred as required by W.D. Tex. Civ. R. (Local Court Rule CV-7(g)) on October 7, 2026. Defendants are opposed to this Motion.

*/s/ Frederick W. Addison III*
Frederick W. Addison III